**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 20-50548 (CSS) |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

**CHAPTER 7 TRUSTEE'S ANSWER TO COMPLAINT FOR VIOLATION OF**
**WARN ACT AND AFFIRMATIVE DEFENSES**

For his answer to the *Class Action Adversary Proceeding Complaint for Violation of the WARN Act, 29 U.S.C. §2101, et seq* (the "Complaint") filed by Plaintiffs Todd Stewart and Jennifer Sawle (purportedly on behalf of themselves and all others similarly situated), Alfred T. Giuliano (the "Trustee"), on behalf of the chapter 7 bankruptcy estates of Art Van Furniture, LLC, AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC, AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada, LLC, AV Pure Sleep

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

A000346

Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., Sam Levin, Inc., and Comfort Mattress LLC (collectively, the "Debtors" or the "Defendants"), states as follows:

## NATURE OF THE ACTION

1. The Trustee admits that Plaintiffs purport to bring a claim under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"). The Trustee is informed and believes that Plaintiffs were employed by debtor Art Van Furniture, LLC ("AVF"). The Trustee is without sufficient knowledge or information as to whether "mass layoffs or plant closings" began on March 4, 2020, and therefore these allegations are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

2. The Trustee admits that the Plaintiffs were terminated, along with at least 700 other employees of AVF and Sam Levin, Inc. ("Levin"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

3. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

4. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

DOCS_LA:330924.2 05233/002

A000347

5.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

## THE PARTIES

6.      The Trustee admits that Plaintiff Todd Stewart ("STEWART") was employed by AVF as the store manager at the AVF facility at 14055 Hall Rd. Shelby Township Michigan  (the "Shelby Store").  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  If a response is deemed required, the allegations are denied.

7.      The Trustee admits that Plaintiff Jennifer Sawle ("SAWLE") was employed by AVF as a salesperson at the AVF store located at 8748 West Saginaw Highway, Lansing, Michigan (the "Lansing Store"). The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  If a response is deemed required, the allegations are denied.

8.      The Trustee is informed and believes that on or about March 5, 2020 AVF notified Plaintiff STEWART and Plaintiff SAWLE in writing as follows:

Art Van Furniture, LLC (the "Company") has made the difficult decision to wind-down its operations, which will include the closure of its facilities located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI,49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, and will be permanently terminating the employment of all employees at these locations. The Company submits this notice to you to satisfy any obligation that may exist under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). If no obligations exist, this notice is being provided to you voluntarily. All terminations of employment will be permanent and you will not have bumping rights for other positions (i.e., you will not have the right to displace employees with less seniority). While an exact date has not yet been established for these closures, it is anticipated that your employment with the

3

Company will terminate on May 5, 2020 or a date within 14 days thereafter which may be provided to you by the Company (your "Termination Date"). Nothing in this letter alters your at-will employment status with the Company. You will be required to work through your Termination Date, following which date you will not be required to report to work or provide any services to the Company.

(the "Warn Act Notice"). The remaining allegations are denied.

9.     The Trustee admits that Plaintiffs were not terminated on May 5, 2020.

The Trustee is informed and believes that on March 19, 2020, AVF notified Plaintiffs in writing

as follows:

On March 5, 2020, Art Van Furniture, LLC (the "Company") informed employees that it had made the difficult decision to wind-down its operations, to include the closure of its retail facilities located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, which would in the permanent termination the employment of all employees at these locations. Since initial notice, the Company has been impacted by the novel COVID-19 virus and the resulting, and sudden, negative economic impact. Due to these unforeseen events, the Company can no longer support the wind-down of its retail operations through the originally projected termination date.  The Company, therefore, submits this revised notice to you to satisfy any obligation that may exist under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). All terminations of employment will be permanent and you will not have bumping rights for other positions (i.e., you will not have the right to displace employees with less seniority). The employment of Art Van's sales associates and other commissioned employees, visuals, housekeepers, drivers, helpers, and other hub warehouse staff, Selling Managers and Outlet Managers as well as any Sales or Store Manager who is not scheduled to perform services on March 21, 2020 or March 22, 2020, will be terminated on March 20, 2020.  All CPU's and office staff, along with the Store Manager and/or Sales Manager scheduled to work on March 21, 2020 or March 22, 2020 will be terminated at the end of the business day on March 22, 2020.  Nothing in this letter alters your at-will employment status with the Company.  You will be required to work through your Termination Date, following which date you will not be required to report to work or provide any services to the Company.

(the "Revised Warn Act Notice").  The remaining allegations are denied.

10.     On information and belief, the Trustee admits that Plaintiff SAWLE's last day of employment was March 20, 2020.

11.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

12.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

13.     On information and belief, the Trustee admits that in connection with the cessation of the Debtors' operations, AVF terminated approximately 3,006 employees between March 20, 2020 and April 3, 2020, and LEVIN terminated approximately 1,355 employees between March 20, 2020 and May 29, 2020  (collectively, the "Terminated Employees").  The Trustee denies that the Terminated Employees were terminated without advance written notice. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph as to unnamed class members, and as such they are denied.

14.     The Trustee admits the allegations in this paragraph.

15.     The Trustee admits that AVF maintained and operated its corporate headquarters at 6340, 6440 and 6500 E. 14 Mile Road, Warren, Michigan (the "Headquarters Facility") and that it operated additional facilities. The Trustee denies that AVF or any other Defendant owned the Headquarters Facility. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.

5

A000350

16.     On information and belief, the Trustee admits the allegations in this paragraph as of the Petition Date.

17.     The Trustee lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

18.     The Trustee denies that the Petition Date was March 9, 2020. On information and belief, the Trustee admits that prior to March 8, 2020 (the "Petition Date"), the Debtors operated stores in Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia, with approximately 4,500 employees.

19.     The Trustee admits that between March 20, 2020 and May 29, 2020, AVF and LEVIN terminated the Terminated Employees. On information and belief, the Trustee admits that AVF provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on or about March 19, 2020 to employees who worked at the following locations: (a) 27775 Novi Road, Novi MI 48377 (AVF Store 19); (b) 4375 28th Street SE Grand Rapids, MI 49512 (AVF Store 25); (c) 4095 East Court Street Burton, MI 48509 (AVF Store 34); (d) 14055 Hall Road Shelby Township, MI 48315 (AVF Store 44); (e) 8748 West Saginaw Highway Lansing MI 48917 (AVF Store 71); (f) 4273 Alpine Avenue NW Comstock Park MI 49321 (AVF Store 83); (g) 6340, 6440 and 6500 E Fourteen Mile Road in Warren, MI 48092 (Tech Plaza/AVF Warehouse/Corporate); (h) 1150 115th Street Bolingbrook, IL 60490 (AVF Bolingbrook Warehouse and AVF Store 180); (i) 1021 Butterfield Road Downers Grove IL 60515 (AVF Store 197) (the "AVF WARN Locations").  On information and belief, the Trustee admits that between March 20, 2020 and April 3, 2020, in connection with the cessation of the Debtors' operations, AVF terminated approximately 1551 employees who worked at the AFV

6

A000351

WARN Locations and 1455 employees who worked at its other locations (the "AVF Non-Warn Locations"). On information and belief, the Trustee admits that LEVIN provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on or about March 19, 2020 to employees who worked at 301 Fitz Henry Road Smithton PA 15479 (the "LEVIN WARN Location"). On information and belief, the Trustee admits that between March 20, 2020 and May 29, 2020, in connection with the cessation of the Debtors' operations, LEVIN terminated approximately 305 employees who worked at the LEVIN WARN Location and 1050 employees who worked at its other locations (the "LEVIN Non-Warn Locations"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

      20.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

      21.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

      22.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

      23.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

      24.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

      25.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

7

A000352

26. On information and belief, the Trustee admits the allegations in this paragraph.

27. The Warn Act Notice is a writing that speaks for itself. Therefore, the Trustee denies the allegations in this paragraph.

28. The Warn Act Notice is a writing that speaks for itself. Therefore, the Trustee denies the allegations in this paragraph.

29. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

30. The Trustee denies the allegation in this first sentence of this paragraph. The Trustee admits that the cases are being jointly administered.

## FEDERAL WARN ACT CLASS ALLEGATIONS

31. The Trustee admits only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a)(b)(1) and (3), Federal Rule of Bankruptcy Procedure 7023, the WARN Act, 29 U.S.C. 2101. The Trustee denies that the class is appropriate and denies that the Debtors violated any law. The Trustee denies all the other allegations in the paragraph.

32. The Trustee admits only that this paragraph sets forth the class Plaintiffs allege they intend to certify. The Trustee denies all the other allegations in the paragraph.

33. The Trustee admits the allegations in this paragraph.

34. The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain

A000353

addresses for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

35.    The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain the rate of pay and benefits for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

36.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

    a.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied; and

    b.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

    c.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

37.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits

A000354

only that the Plaintiffs and the Terminated Employees worked for AVF or Levin and were terminated between March 20, 2020 and May 29, 2020. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

38.    The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

39.    The Trustee admits only that the Plaintiffs and the Terminated Employees were terminated between March 20, 2020 and May 29, 2020. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

40.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

41.    The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

42.    The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

10

A000355

## CLAIM FOR RELIEF

## Violation of the Federal WARN Act

43.    The Trustee incorporates by reference his responses above to paragraphs 1 through 42 as if set forth in full herein.

44.    On information and belief, the Trustee admits that AVF and LEVIN each employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. The Trustee denies the allegations with respect to each of the other Defendants.

45.    The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits that AVF and LEVIN each employed more than 100 employees (excluding part time employees) on or about March 19, 2020. The Trustee denies that AVF Holding Company, Inc., AVCE, LLC,  AVF Holdings I, LLC,  AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada, LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc.,  and Comfort Mattress LLC were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

46.    The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits only that the two named Plaintiffs were employed by AVF. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

11

47.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

48.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

49.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

50.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required.  To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

51.     The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

52.     The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

DOCS_LA:330924.2 05233/002

A000357

53.     The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

54.     The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations, and as such they are denied.

55.     The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegation.

## AFFIRMATIVE DEFENSES

The Trustee asserts the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiffs.

### First Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(A) because (a) an employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required; and (b) AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3).

### Second Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(B) pursuant to which no notice is required if the plant

13

A000358

closing or mass layoff is due to any form of natural disaster; and (b) AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3).

### Third Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

### Fourth Affirmative Defense

The claims of Plaintiffs and all other persons alleged to be similarly situated are barred and or may be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Defendants was in good faith and without intent to deny Plaintiffs or class members rights and the Defendants had reasonable grounds for believing it was not in violation of the WARN Act.

### Fifth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

### Sixth Affirmative Defense

The Complaint fails to state a claim against Defendants AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC, AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada, LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., and Comfort Mattress LLC.

### Seventh Affirmative Defense

Any damages awarded to Plaintiffs and all other persons alleged to be similarly situated are not entitled to first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $13,650.

14

<u>Eighth Affirmative Defense</u>

Plaintiffs and all other persons alleged to be similarly situated suffered no damages or losses due to any alleged violation of the WARN Act.

<u>Reservation of Rights</u>

The Trustee reserves the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

Dated:  December 10, 2020                    PACHULSKI STANG ZIEHL & JONES LLP


                                             */s/ Peter J. Keane*
                                             Bradford J. Sandler (DE Bar No. 4142)
                                             Colin R. Robinson (DE Bar No. 5524)
                                             Peter J. Keane (DE Bar No. 5503)
                                             919 N. Market Street, 17th Floor
                                             Wilmington, DE  19801
                                             Telephone:  (302) 652-4100
                                             Facsimile:  (302) 652-4400
                                             Email:      bsandler@pszjlaw.com
                                                         crobinson@pszjlaw.com
                                                         pkeane@pszjlaw.com

                                             *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

DOCS_LA:330924.2 05233/002                                                        A000360

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODO STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Peter J. Keane, hereby certify that on the 10th day of December, 2020, I caused

a copy of the following document(s) to be served on the individuals on the attached service list(s)

in the manner indicated:

### CHAPTER 7 TRUSTEE'S ANSWER TO COMPLAINT FOR VIOLATION OF WARN ACT AND AFFIRMATIVE DEFENSE

*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

A000361

Art Van Furniture **–** Todd Stewart/Jennifer Sawle
WARN Act Service List
Main Case No. 20-10553 (CSS)
Adv. Case No. 20-50548 (CSS)
Doc. No. 232107v1
03 – E-Mail

*Via Email*
Michael J. Joyce, Esquire
THE LAW OFFICES OF JOYCE, LLC
1225 King Street, Suite 800
Wilmington, DE 19801
Email: mjoyce@mjlawoffices.com

*Via Email*
Jack A. Raisner, Esquire
René S. Roupinian, Esquire
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, New York 10016
Email: rsr@raisnerroupinian.com;
        jar@raisnerroupinian.com

A000362