# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.*,[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## PRETRIAL SCHEDULING ORDER

Todd Stewart and Jennifer Sawle (the "Plaintiffs"), together with Alfred T. Giuliano, the Chapter 7 Trustee for Debtors (the "Trustee") (collectively "the Parties"), by and through their counsel, hereby submit this Pretrial Scheduling Order, and, in support thereof, aver the following:

1. On March 8, 2020, the Debtors each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. (Bankr. No. 20-10553, D.I. 2).

2. On March 10, 2020, the Debtors' cases were consolidated for joint administration. (Bankr. No. 20-10553, D.I. 71).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463) (collectively, the "Debtors").

2

3. On March 23, 2020, Plaintiffs commenced an adversary proceeding against the above-captioned debtor-defendants ("Defendants"), which adversary proceeding is docketed as No. 20-50548 (CSS) (the "Adversary Proceeding") (Adv. D.I. 1).

4. The Complaint alleges that the Defendants violated the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act") and seeks relief on behalf of a putative class of present or former employees of the Defendants (the "Complaint").

5. On April 7, 2020, the bankruptcy case was converted to Chapter 7 and the Trustee was appointed. (Bankr. No. 20-10553, D.I. 263, 264).

6. Between March and December, the Parties agreed to extend the deadline for Defendants to respond to the Complaint and utilized the extensions to work cooperatively and diligently in exchanging information relevant to the WARN claim.

7. On December 10, 2020, the Debtors filed an Answer to the Complaint. (Adv. D.I. 25).

8. On April 28, 2021, Plaintiffs served *Plaintiffs' First Set of Interrogatories* and *Plaintiffs' First Request for Production of Documents* on Defendants (collectively, the "Plaintiffs' Discovery Requests").

9. On May 26, 2021, the Court entered an Order Assigning Adversary Proceeding to Mediation setting July 26, 2021, as the deadline for submission of a Mediation Report. (Adv. D.I. 26).

10. The Parties have conferred and agreed, subject to Court approval, to stay litigation and proceed to mediation with the exchange of limited informal discovery prior to mediation so long as it is without prejudice to the Trustee's right to move for summary judgment and

DOCS_DE:234840.1 05233/003

A000364

Plaintiffs' right to oppose summary judgment as premature absent full discovery, should the Parties not reach a mediated settlement.

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

11. The Parties shall exchange informal discovery requests by June 21, 2021.

12. The Parties have conferred and agree to Ret. Judge Kevin Gross as Mediator (the "Mediator").

13. Subject to the Mediator's schedule, the Parties shall complete mediation by August 31, 2021.

14. All formal discovery and litigation shall be stayed during the mediation process, including without limitation, the Trustee's obligation to respond to the Plaintiffs' Discovery Requests.

15. If the Parties are unable to reach a consensual resolution of the Adversary Proceeding the following deadlines shall apply:

16. Unless otherwise agreed to by the parties or ordered by the Court, Plaintiffs and the Trustee shall exchange their Initial Disclosures as detailed in Bankruptcy Rule 7026(a)(1) within fourteen (14) days of the filing of the Mediator's Report stating a settlement has not been reached ("Mediator's Report").

17. Unless otherwise agreed to by the parties or ordered by the Court, all amended pleadings shall be filed within fourteen (14) days of the filing of the Mediator's Report.

18. The Trustee may file and serve a motion for summary judgment (the "Trustee Summary Judgment Motion"), if any, within thirty (30) days of the filing of the Mediator's

DOCS_DE:234840.1 05233/003

A000365

Report. To the extent the Trustee Summary Judgment Motion is filed, and unless the Court orders otherwise, supporting memoranda shall be filed with the Trustee Summary Judgment Motion at the time of its initial presentation.  With respect to the Trustee Summary Judgment Motion, a responding memorandum shall be filed within 21 days following the filing of the Trustee Summary Judgment Motion, and a reply memorandum, if any, shall be filed 14 days thereafter.

19. Unless otherwise ordered by the Court, the length of all memoranda and briefs filed in connection with any substantive motion (whether the Trustee Summary Judgment Motion, Class Certification Motion (as defined below) or otherwise) shall be governed by Rule 7007-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

20. Plaintiffs reserve the right to oppose the Trustee Summary Judgment Motion on all grounds including, that the Trustee Motion is premature and should be filed, if at all, at the conclusion of fact discovery.

21. Plaintiffs shall file a Motion for Class Certification (the "Class Certification Motion"), if any, no later than  thirty (30) days from the filing of the Mediator's Report. Unless otherwise ordered by the Court, a responding memorandum shall be filed within 21 days following the filing of the Class Certification Motion, if any, and a reply memorandum, if any, shall be filed 14 days thereafter.

22. Unless otherwise agreed by the parties and approved by the Court, to the extent applicable, all fact discovery, shall be completed and closed within one-hundred and eighty (180) days from the filing of the Mediator's Report. Unless otherwise agreed by the parties or Order by Court, all discovery of electronic documents shall proceed in accordance with Local Rule 7026-3.

23. To the extent applicable, the parties shall exchange expert reports regarding any issue on which he, she, it or they bear the burden of proof within two-hundred and forty (240) days of the filing of the Mediator's Report, and the other party shall have thirty (30) days thereafter to file a rebuttal report. Depositions of experts shall be completed within thirty (30) days from the date of submission of the last rebuttal report ("Final Expert Report Submission Date"), after which time all expert discovery shall be completed and closed.

24. To the extent applicable, the parties may file dispositive motions within thirty (30) days after the Final Expert Report Submission Date. To the extent any dispositive motions are filed, and unless the Court orders otherwise, supporting memoranda shall be filed with any dispositive motion at the time of its initial presentation, responding memoranda shall be filed within 21 days following the filing of a dispositive motion, and reply memoranda, if any, shall be filed 14 days thereafter.

25. The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial before Judge Christopher S. Sontchi as may be amended or restated from time to time. The parties shall file, no later than three (3) business days prior to the earlier of the date set for (i) pre-trial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Christopher S. Sontchi's chambers.

26. The above dates may be modified by consent of the parties without need for further order of this Court or by Order of this Court.

27. The parties will contact the Bankruptcy Court for a date for a status conference, which status conference shall be for the purpose of (i) setting a date by which pre-trial disclosures under Bankruptcy Rule 7026(a)(3) shall be served, (ii) scheduling a pre-trial

5

conference to schedule a date and time of trial, and (iii) addressing such other issues as the Bankruptcy Court or the parties deem necessary and appropriate.

28. The Plaintiffs shall serve this Pretrial Scheduling Order on the Trustee's counsel within 5 business days after the entry of this Pretrial Scheduling Order.

**Dated: June 10th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

6