IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.*,[1]<br><br>                                  Debtors.<br><br>TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>                                  Plaintiff,<br><br>      v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>                                  Defendants. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>Adv. Proc. No. 20-50548 (CSS) |

**CHAPTER 7 TRUSTEE'S FIRST AMENDED ANSWER TO COMPLAINT FOR VIOLATION OF WARN ACT AND AFFIRMATIVE DEFENSES**

For his amended answer to the *Class Action Adversary Proceeding Complaint for Violation of the WARN Act, 29 U.S.C. §2101, et seq* (the "Complaint") filed by Plaintiffs Todd Stewart and Jennifer Sawle (purportedly on behalf of themselves and all others similarly situated), Alfred T. Giuliano (the "Trustee"), on behalf of the chapter 7 bankruptcy estates of Art Van Furniture, LLC, AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC, AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada, LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., Sam Levin, Inc.,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

and Comfort Mattress LLC (collectively, the "Debtors" or the "Defendants"), states as follows[2]:

## Nature Of the Action

1. The Trustee admits that Plaintiffs purport to bring a claim under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"). The Trustee is informed and believes that Plaintiffs were employed by debtor Art Van Furniture, LLC ("AVF"). The Trustee is without sufficient knowledge or information as to whether "mass layoffs or plant closings" began on March 4, 2020, and therefore these allegations are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

2. The Trustee admits that the Plaintiffs were terminated, along with 700 other employees of AVF and Sam Levin, Inc. ("Levin"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

## Jurisdiction and Venue

3. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

---

[2] Pursuant to the Pretrial Scheduling Order [Docket No. 31], "Unless otherwise agreed to by the parties or ordered by the Court, all amended pleadings shall be filed within fourteen (14) days of the filing of the Mediator's Report." The Mediator's Report was filed on October 15, 2021 [Docket No. 39].

4. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

5. The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

### **The Parties**

6. The Trustee admits that Plaintiff Todd Stewart ("<u>STEWART</u>") was employed by AVF as the store manager at the AVF facility at 14055 Hall Rd. Shelby Township Michigan (the "<u>Shelby Store</u>"). The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

7. The Trustee admits that Plaintiff Jennifer Sawle ("<u>SAWLE</u>") was employed by AVF as a salesperson at the AVF store located at 8748 West Saginaw Highway, Lansing, Michigan (the "<u>Lansing Store</u>"). The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

8. The Trustee is informed and believes that on or about March 5, 2020, AVF notified Plaintiff STEWART and Plaintiff SAWLE in writing as follows:

> Art Van Furniture, LLC (the "Company") has made the difficult decision to wind-down its operations, which will include the closure of its facilities located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI,49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, and will be permanently terminating the employment of all employees at these locations. The Company submits this notice to you to satisfy any obligation that may exist under the federal

3

> Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). If no obligations exist, this notice is being provided to you voluntarily. All terminations of employment will be permanent and you will not have bumping rights for other positions (i.e., you will not have the right to displace employees with less seniority). While an exact date has not yet been established for these closures, it is anticipated that your employment with the Company will terminate on May 5, 2020 or a date within 14 days thereafter which may be provided to you by the Company (your "Termination Date"). Nothing in this letter alters your at-will employment status with the Company. You will be required to work through your Termination Date, following which date you will not be required to report to work or provide any services to the Company.

(the "Warn Act Notice"). The remaining allegations are denied.

9. The Trustee admits that Plaintiffs were not terminated on May 5, 2020. The Trustee is informed and believes that on March 19, 2020, AVF notified Plaintiffs in writing as follows:

> On March 5, 2020, Art Van Furniture, LLC (the "Company") informed employees that it had made the difficult decision to wind-down its operations, to include the closure of its retail facilities located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, which would in the permanent termination the employment of all employees at these locations. Since initial notice, the Company has been impacted by the novel COVID-19 virus and the resulting, and sudden, negative economic impact. Due to these unforeseen events, the Company can no longer support the wind-down of its retail operations through the originally projected termination date. The Company, therefore, submits this revised notice to you to satisfy any obligation that may exist under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). All terminations of employment will be permanent and you will not have bumping rights for other positions (i.e., you will not have the right to displace employees with less seniority). The employment of Art Van's sales associates and other commissioned employees, visuals, housekeepers, drivers, helpers, and other hub warehouse staff, Selling Managers and Outlet Managers as well as any Sales or Store Manager who is not

4

> scheduled to perform services on March 21, 2020 or March 22, 2020, will be terminated on March 20, 2020. All CPU's and office staff, along with the Store Manager and/or Sales Manager scheduled to work on March 21, 2020 or March 22, 2020 will be terminated at the end of the business day on March 22, 2020. Nothing in this letter alters your at-will employment status with the Company. You will be required to work through your Termination Date, following which date you will not be required to report to work or provide any services to the Company.

(the "<u>Revised Warn Act Notice</u>"). The remaining allegations are denied.

10. On information and belief, the Trustee admits that Plaintiff SAWLE's last day of employment was March 20, 2020.

11. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

12. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

13. On information and belief, the Trustee admits that in connection with the cessation of the Debtors' operations, AVF terminated approximately 3,006 employees between March 20, 2020 and April 3, 2020, and LEVIN terminated approximately 1,355 employees between March 20, 2020 and May 29, 2020 (collectively, the "<u>Terminated Employees</u>"). The Trustee denies that the Terminated Employees were terminated without advance written notice. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph as to unnamed class members, and as such they are denied.

14. The Trustee admits the allegations in this paragraph.

15. The Trustee admits that AVF maintained and operated its corporate headquarters at 6340, 6440 and 6500 E. 14 Mile Road, Warren, Michigan (the "Headquarters Facility") and that it operated additional facilities. The Trustee denies that AVF or any other Defendant owned the Headquarters Facility. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.

16. On information and belief, the Trustee admits the allegations in this paragraph as of the Petition Date.

17. The Trustee lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

18. The Trustee denies that the Petition Date was March 9, 2020. On information and belief, the Trustee admits that prior to March 8, 2020 (the "Petition Date"), the Debtors operated stores in Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia, with approximately 4,500 employees.

19. The Trustee admits that between March 20, 2020 and May 29, 2020, AVF and LEVIN terminated the Terminated Employees. On information and belief, the Trustee admits that AVF, although not required, in an abundance of caution provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on or about March 19, 2020 to employees who worked at the following locations: (a) 27775 Novi Road, Novi MI 48377 (AVF Store 19); (b) 4375 28th Street SE Grand Rapids, MI 49512 (AVF Store 25); (c) 4095 East Court Street Burton, MI 48509 (AVF Store 34); (d) 14055 Hall Road Shelby Township, MI 48315 (AVF Store 44); (e) 8748 West Saginaw Highway Lansing MI 48917 (AVF Store 71); (f)

4273 Alpine Avenue NW Comstock Park MI 49321 (AVF Store 83); (g) 6340, 6440 and 6500 E Fourteen Mile Road in Warren, MI 48092 (Tech Plaza/AVF Warehouse/Corporate); (h) 1150 115th Street Bolingbrook, IL 60490 (AVF Bolingbrook Warehouse and AVF Store 180); (i) 1021 Butterfield Road Downers Grove IL 60515 (AVF Store 197) (the "AVF Target Locations").  On information and belief, the Trustee admits that between March 20, 2020 and April 3, 2020, in connection with the cessation of the Debtors' operations, AVF terminated approximately 1551 employees who worked at the AFV Target Locations and 1455 employees who worked at its other locations (the "AVF Non-Target Locations").  On information and belief, the Trustee admits that LEVIN, although not required, in an abundance of caution, provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on or about March 19, 2020 to employees who worked at 301 Fitz Henry Road Smithton PA 15479 (the "LEVIN Target Location").  On information and belief, the Trustee admits that between March 20, 2020 and May 29, 2020, in connection with the cessation of the Debtors' operations, LEVIN terminated approximately 305 employees who worked at the LEVIN Target Location and 1050 employees who worked at its other locations (the "LEVIN Non-Target Locations"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied.

20. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

21. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

22. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

23. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

24. The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

25. The Trustee admits that the Debtors conducted a liquidation and is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations in this paragraph.

26. On information and belief, the Trustee admits the allegations in this paragraph.

27. The Warn Act Notice is a writing that speaks for itself. Therefore, the Trustee denies the allegations in this paragraph.

28. The Warn Act Notice is a writing that speaks for itself. Therefore, the Trustee denies the allegations in this paragraph.

29. On information and belief, the Trustee admits the allegations in this paragraph.

30. The Trustee denies the allegation in this first sentence of this paragraph. The Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code to liquidate all of their assets. The Trustee admits that the cases are being jointly administered.

**Federal WARN Act Class Allegations**

31. The Trustee admits only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a)(b)(1) and (3), Federal Rule of Bankruptcy Procedure 7023, the WARN Act, 29 U.S.C. 2101. The Trustee denies that the class is appropriate and denies that the Debtors violated any law. The Trustee denies all the other allegations in the paragraph.

32. The Trustee denies all the other allegations in the paragraph, and denies that there was any violation of any law.

33. The Trustee admits the allegations in this paragraph.

34. The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain addresses for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

35. The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain the rate of pay and benefits for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

36. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

    a. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining

allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied; and

     b. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

     c. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

    37. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits only that the Plaintiffs and the Terminated Employees worked for AVF or Levin and were terminated between March 20, 2020 and May 29, 2020.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

    38. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiffs "have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation," and as such they are denied.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  If a response is deemed required, the allegations are denied.

DOCS_DE:236738.7 05233/003

A000378

39. The Trustee admits only that the Plaintiffs and the Terminated Employees were terminated between March 20, 2020 and May 29, 2020. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

40. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

41. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

42. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

### Claim For Relief Violation Of the Federal WARN Act

43. The Trustee incorporates by reference his responses above to paragraphs 1 through 42 as if set forth in full herein.

44. On information and belief, the Trustee admits that AVF and LEVIN each employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. The Trustee denies the allegations with respect to each of the other Defendants.

45. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits that AVF and LEVIN each employed more than 100 employees (excluding part time employees) on or about March 19, 2020. The Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

46. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits only that the two named Plaintiffs were employed by AVF. The Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

47. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

48. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

49. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

50. The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The

DOCS_DE:236738.7 05233/003

A000380

Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. Furthermore, the Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

51. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

52. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

53. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

54. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations, and as such they are denied.

55. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegation.

**Affirmative Defenses**

56. The Trustee asserts the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiffs.

### First Affirmative Defense
Defendants Are Not "Employers" Under the WARN Act.
(29 U.S.C. § 2101(a)(1))

57.     None of the Defendants was an "employer" under the WARN Act at the time of the Revised Warn Act Notice and the March 20, 2020 layoff.  Under the WARN Act, an "employer" is "any business enterprise that employs—(A) 100 or more employees (A) 100 or more employees, excluding part-time employees; or (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)."  29 U.S.C. § 2101(a)(1)).

58.     At the time of the Revised Warn Act Notice and the March 20, 2020 layoff, AVF and LEVIN were chapter 11 debtors that had ceased operating as going concerns and were merely conducting a liquidation. As such, AVF and LEVIN were acting as liquidating fiduciaries for the benefit of creditors and were not operating a "business enterprise" for the purpose of the WARN Act.

59.     Accordingly, neither AVF nor LEVIN (or any other Defendant) was an "employer" subject to the WARN Act's notice requirements.  29 U.S.C. § 2101(a)(1).

### Second Affirmative Defense
Unforeseeable Business Circumstances Exception
(29 U.S.C. § 2102(b)(2)(A))

60.     To the extent that any of the Defendants is determined to be an "employer" under the WARN Act, the claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(A) because (a) an employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time

that notice would have been required; and (b) AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3).

61. The COVID-19 pandemic (which prevented the Defendants from conducting going-out-of business sales as originally planned post-petition) and the resulting government ordered business closures (or threatened closures) and the restriction of citizens to their homes: (i) caused the March 20, 2020 layoff; (ii) was a business circumstances that was not reasonably foreseeable on January 18, 2020 when AVF and LEVIN would have had to give notice of the March 20, 2020 layoff (if they were "employers" under the WARN Act); and (iii) AVF and Levin gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to the Revised Warn Act Notice.

62. Accordingly, the Defendants are not liable to Plaintiffs for any violation of the WARN Act.

**Third Affirmative Defense**
Natural Disaster Exception
(29 U.S.C. § 2102(b)(2)(B))

63. To the extent that any of the Defendants is determined to be an "employer" under the WARN Act, the claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(B) pursuant to which no notice is required if the plant closing or mass layoff is due to any form of natural disaster.

64. The March 20, 2020 layoff was (i) due to the COVID-19 pandemic (which prevented the Defendants from conducting going-out-of business sales as originally planned post-petition) and the resulting government ordered business closures (or threatened closures)

15

and the restriction of citizens to their homes, and (ii) COVID-19 is a "natural disaster" under the Warn Act.

65.     While under 29 U.S.C. § 2102(b)(2)(B), "no notice" is required, AVF and Levin gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to the Revised Warn Act Notice. Accordingly, the Defendants are not liable to Plaintiffs for any violation of the WARN Act.

### Fourth Affirmative Defense
Contractual Mandatory Arbitration

66.     Plaintiff STEWART and Plaintiff SAWLE are required to arbitrate the claims alleged in the Complaint pursuant to the terms of those certain Arbitration Agreements (the "Arbitration Agreements") they each entered into in connection with their employment in which they agreed to submit to final and binding arbitration of, *inter alia*, any dispute, matter or controversy arising out of their employment or the termination of their employment (the "Mandatory Arbitration Provision").

67.     All of Plaintiffs' claims set forth In the Complaint are subject to the Mandatory Arbitration Provision. Accordingly, the Court should dismiss the Complaint.

### Fifth Affirmative Defense
Class Action Prohibition

68.     Pursuant to the terms of the Arbitration Agreements, Plaintiff STEWART and Plaintiff SAWLE are required to arbitrate the claims alleged in the Complaint "in an individual capacity and not as plaintiff or class member in any purported class, collective action or representative proceeding (the "Class Action Prohibition Provision")."

69. All of Plaintiffs' claims set forth in the Complaint are subject to the Class Action Prohibition Provision. Accordingly, the Court should (a) dismiss the Complaint and/or (b) deny certification of a class.

### Sixth Affirmative Defense
Failure to Mitigate

70. The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

### Seventh Affirmative Defense
Good Faith

71. The claims of Plaintiffs and all other persons alleged to be similarly situated are barred and or may be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Defendants was in good faith and without intent to deny Plaintiffs or class members rights and the Defendants had reasonable grounds for believing it was not in violation of the WARN Act.

### Eighth Affirmative Defense
Unclean Hands, Estoppel & Waiver

72. The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

### Ninth Affirmative Defense
Failure to State A Claim

73. The Complaint fails to state a claim against all Defendants.

### Tenth Affirmative Defense
No Priority
(11 U.S.C. §§ 503, 507,726)

74. Any damages awarded to Plaintiffs and all other persons alleged to be similarly situated are not entitled to priority under any provision of the Bankruptcy Code including but not limited to 11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726.

### Eleventh Affirmative Defense
No Damages

75. Plaintiffs and all other persons alleged to be similarly situated suffered no damages or losses due to any alleged violation of the WARN Act.

### Reservation of Rights

76. The Trustee reserves the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

WHEREFORE, the Trustee requests that the Court deny all of the relief requested by the Plaintiffs, and grant such other relief to the Trustee as may be just and proper, including, without limitations, reimbursement of legal fees and expenses and all other cost and expenses incurred by the estates in defending against the causes of action set forth in the Complaint.

Respectfully Submitted,

Dated: October 29, 2021            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (NY Bar No. 2572246) (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
            blevine@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

19