# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 7<br>Case No. 20-10553 (CTG) |
| START MAN FURNITURE, LLC, et al. | Jointly Administered |

TODD STEWART and JENNIFER SAWLE, on behalf of themselves and all others similarly situated,

*Appellants*,

vs.

ALFRED T. GIULIANO, chapter 7 trustee for Debtors Start Man Furniture, LLC, et al.,

*Appellee.*

Civil Action No. 22-cv-00450 (CFC)

Bankruptcy Case No. 20-10553 (CTG)
Bankruptcy Adv. Pro. No. 20-50548 (CTG)
Bankruptcy BAP No. 22-00030

**MOTION OF COMMUNICATIONS WORKERS OF AMERICA, SERVICE EMPLOYEES INTERNATIONAL UNION, AMERICAN FEDERATION OF TEACHERS, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AND NATIONAL EMPLOYMENT LAW PROJECT FOR LEAVE TO FILE AS *AMICI CURIAE* IN SUPPORT OF APPELLANTS' OPENING BRIEF**

The Communications Workers of America ("CWA"), the Service Workers International Union ("SEIU"), the American Federation of Teachers ("AFT"), the American Federation of State, County and Municipal Employees ("AFSCME"), and the National Employment Law Project ("NELP") (collectively "*Amici*") respectfully request the Court's permission to file the attached brief of *amici curiae*.

*Amici* include the following organizations:

**Communications Workers of America, AFL-CIO** ("CWA") is a union of hundreds of thousands of public and private sector workers in communities across the United States, Canada, Puerto Rico, and other U.S. territories. Its members work in telecommunications and IT, the airline industry, manufacturing, news media, broadcast and cable television, education, health care, public service, and other fields. For years, CWA members have fought to improve workplaces by bargaining to improve pay and benefits, and for equal treatment, while advocating for legislation that protects the safety and economic wellbeing of all workers. In telecommunications and manufacturing, among other sectors, CWA members rely on the WARN Act to provide advance notice before an employer closes a facility.

**The Service Employees International Union** ("SEIU") is a union of more than two million workers, including more than one million workers in frontline healthcare roles. SEIU has a long history of advocating for workplace protections to improve the treatment of employees and ensure their economic security.

**The American Federation of Teachers, AFL-CIO** ("AFT") was founded in 1916 and today represents approximately 1.7 million members in more than three thousand local affiliates nationwide. AFT represents a variety of employees in both the public and private sectors, including in education, healthcare, and local, state, and federal government. AFT members have been on the front lines of the COVID-19 pandemic.

**The American Federation of State, County and Municipal Employees, AFL-CIO** ("AFSCME") is a labor organization with over 1.4 million members who provide vital public services around the nation. AFSCME represents members in hundreds of different occupations, including nurses, childcare providers, corrections officers, EMTs, sanitation workers and more. AFSCME members are often first responders to natural disasters and have been on the front lines of the COVID-19 pandemic.

**National Employment Law Project** ("NELP") is a non-profit legal organization with over fifty years of experience advocating for the employment rights of workers in low-wage industries. NELP's areas of expertise include workplace standards, access to good jobs and benefits, and social safety nets for workers who lose their jobs, including those lost during the COVID-19 pandemic. NELP collaborates closely with state and federal agencies, community-based worker centers, unions, and state policy groups, including in states within the

2

Eleventh Circuit. It has litigated and participated as amicus in numerous cases addressing workers' rights under federal and state laws. NELP has submitted testimony to the U.S. Congress and state legislatures on numerous occasions on workplace rights and economic security connected to work.

*Amici* seek to file this brief to provide information regarding the correct interpretation of the WARN Act, a crucial workplace protection designed to ensure that workers receive advance notification before mass layoffs or plant closings.

Although the Federal Rules of Civil Procedure and this Court's Local Rules do not address *amicus curiae* briefs, "a district court's decision to accept or reject an amicus filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defs. Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005). "The Third Circuit's standard … provides guidance to aid the district court in its decision." *Feesers, Inc. v. Michael Foods, Inc.*, No. 04-cv-576, 2006 WL 8448763, at *1 (M.D. Pa. Mar. 21, 2006). In the Third Circuit, timely "amicus briefs are permitted when amici disclose 'a sufficient "interest" in the case and [ ] their brief is "desirable" and discusses matters that are "relevant to the disposition of the case … ."'" *In re Nazi Era Cases*, 153 F. App'x at 827 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.)). When in doubt, "it is preferable to err on the side of granting leave." *Neonatology Assocs.*, 293 F.3d at 133; *see also id.* ("[O]ur court would be well advised to grant motions for leave to file amicus briefs unless it is

3

obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.")

The proposed brief readily meets the standard for filing.

**The Interest of Proposed *Amici*.** CWA, SEIU, AFT, and AFCSME are major national unions that, collectively, represent millions of American workers in a wide variety of fields—many of whom were laid off during the economic downturn that accompanied the COVID-19 pandemic. *Amicus* NELP is an established non-profit legal organization that has worked for over fifty years with state and federal agencies, unions, and other local organizations to advocate for workers' rights.

*Amici* and their members have a keen interest in ensuring that the statutory right to advance notice of mass layoffs and plant closings is not unduly limited through an inappropriate interpretation of the WARN Act. Advance notice allows unions, like *Amici* in this case, to work with their members and get them engaged in retraining, or other readjustment, programs ahead of layoffs, in order to prevent a loss of income. If this Court were to accept Defendant's interpretation of the WARN Act's "natural disaster" exception, many workers would not receive the notice required by the WARN Act. As labor unions representing millions of workers across the United States in a range of industries, Amici thus have a strong interest in this case and the proper interpretation of the WARN Act's exceptions.

**Desirability and Relevance.** The proposed brief may aid the Court in its determination of central issues in this case: the correct application of the "natural disaster" and "unforeseen business circumstances" exceptions to the WARN Act's 60-day notice requirement. The proposed brief provides the Court with important history and context, not in the parties' briefs, that shed light on Congress's intent in passing the WARN Act. Moreover, *Amici* have a unique insight into the challenges workers face when they are laid off—including prolonged bouts of unemployment, decreased long-term earning potential, and potentially serious health consequences—and are well positioned to explain the importance of these concerns and how Congress approached them in enacting the WARN Act. *See generally Neonatology Assocs.*, 298 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

**Timeliness.** Finally, the proposed brief is timely. Neither the Federal Rules of Civil Procedure nor the Local Rules provide a deadline for filing an amicus brief.[1] In general, courts judge timeliness by looking at whether there is prejudice to the opposing party and the reason for the delay. *See, e.g.*, *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314–15 (3d Cir. 2005) (discussing timeliness in context of

---

[1] While Federal Rule of Appellate Procedure 29 does not directly apply here, it too would leave it in the Court's discretion to decide whether to allow filing. Rule 29(a)(6) provides that a brief is timely by default if filed within seven days of the principal brief of the party being supported, and "[a] court may grant leave for later filing." Fed. R. App. P. 29(a)(6).

intervention motion). Here, these factors weigh in favor of allowing the brief. The proposed brief is being filed within 14 days of the brief that it is supporting, and more than two weeks before response briefs are due. This will give the parties ample time to respond to the arguments in the proposed brief. And to the extent that the filing of this brief could be considered delayed, any such delay is justifiable because *Amici*'s lead counsel litigated a multi-week bench trial in the Middle District of Louisiana in June, *see Lewis v. Cain*, No. 15-cv-318 (M.D. La. filed May 20, 2015), and was on a post-trial vacation when the principal briefs in this case were filed.

Counsel for Appellants Stewart and Sawle have informed undersigned counsel that Appellants consent to this motion. Counsel for the Cross-Appellant Trustee has informed undersigned counsel that the Trustee does not consent to this motion. This does not preclude granting this motion for leave, because "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." *Neonatology Assocs.*, 298 F.3d at 133 (quoting Micael E. Tigar & Jane B. Tigar, Federal Appeals—Jurisdiction and Practice 181 (3d ed. 1999)).

## **CONCLUSION**

For the reasons discussed above, this Court should grant *Amici*'s motion for leave to file the attached amicus brief.

Dated: July 8, 2022
      Wilmington, DE

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Jason A. Gibson (DE No. 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
gibson@teamrosner.com

and

Jeffrey Dubner (*pro hac vice* motion forthcoming)
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043-4553
(202) 448-9090
jdubner@democracyforward.org

*Counsel for Amici*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 1423 words.

Dated: July 8, 2022                    */s/ Jason A. Gibson*
                                       Jason A. Gibson (DE Bar No. 6091)