# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>START MAN FURNITURE, LLC, et al.[1] | Chapter 7<br>Case No. 20-10553 (CTG)<br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE, on behalf of themselves and all others similarly situated,<br><br>              Appellants,<br>v.<br><br><br>ALFRED T. GIULIANO, chapter 7 trustee<br>for Debtors Start Man Furniture, LLC, et al.,<br><br>              Appellee. | Civil Action No. 22-cv-450 (CFC)<br><br>Bankruptcy Case No. 20-10553 (CTG)<br>Bankruptcy Adv. Pro. No. 20-50548 (CTG)<br>Bankruptcy BAP No. 22-00030 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

| | |
|---|---|
| ALFRED T. GIULIANO, chapter 7 trustee For Debtors Start Man Furniture, LLC, et al., <br><br>                Appellant, <br><br>v. <br><br>TODD STEWART and JENNIFER SAWLE, on behalf of themselves and all others similarly situated, <br><br>                Appellees. | Civil Action No. 22-cv-489 (CFC) <br><br>Bankruptcy Case No. 20-10553 (CTG) <br>Bankruptcy Adv. Pro. No. 20-50548 (CTG) Bankruptcy BAP No. 22-00032 |

## CROSS-APPELLANT'S RESPONSIVE BRIEF

                                          PACHULSKI STANG ZIEHL & JONES LLP
                                          Bradford J. Sandler (Bar No. 4142)
                                          Beth E. Levine (admitted *pro hac vice*)
                                          Colin R. Robinson (Bar No. 5524)
                                          Peter J. Keane (Bar No. 5503)
                                          919 North Market Street, 17th Floor
                                          Wilmington, DE 19801
                                          Telephone:  (302) 652-4100
                                          Facsimile:   (302) 652-4400
                                          Email:  bsandler@pszjlaw.com
                                                             blevine@pszjlaw.com
                                                              crobinson@pszjlaw.com
                                                              pkeane@pszjlaw.com

                                          *Counsel to Alfred T. Giuliano, Chapter 7*
                                                           *Trustee*

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................... 1

II. ARGUMENT .................................................................................................. 4

    A. The Liquidating Fiduciary Exception Is Not Inapplicable Because the Debtors Conducted Limited Business Operations Prior to the Layoff    4

    B. Under the Circumstances of this Case, Public Policy Militates In Favor of Applying the Liquidating Fiduciary Exception Here    6

III. CONCLUSION ............................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re United Healthcare System, Inc.,*
  *200 F.3d 170* (3d Cir. 1999), cert denied, 530 U.S. 1204 (2000)........................... 2, 4, 5, 6, 7, 8

**STATUTES**

29 U.S.C. § 2102...................................................................................................................... 1

29 U.S.C. § 2104...................................................................................................................... 1

Cross-Appellant and Appellee Alfred T. Giuliano, Chapter 7 Trustee ("Trustee" or "Cross-Appellant"), in connection with his cross-appeal to the United States District Court for the District of Delaware from the final order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), set forth in its *Opinion* and *Order* filed on March 21, 2022 [Adv. D.I. 63 & 64] (Appendix A001693-A001721 and A001722, respectively) (the "Opinion" or "Order"),[2] hereby submits this Cross-Appellant's Responsive Brief in support of Cross-Appellant's Opening Brief [Civ. Action No. 22-cv-450, D.I. 12; Civ. Action No. 22-cv-289, D.I. 9]("Opening Brief")[3] and in response to Cross-Appellees' Opening Brief [Civ. Action No. 22-cv-450, D.I. 14; Civ. Action No. 22-cv-289, D.I. 11] ("Cross-Appellees Brief").

## I.

## PRELIMINARY STATEMENT

To prove a WARN Act violation, it is the plaintiff's – the Cross-Appellees here – burden to demonstrate a *prima facie* case and prove, among other things, that the Debtors were "employer[s]" at relevant times. 29 U.S.C. §§ 2102, 2104. The Bankruptcy Court erred in holding that Cross-Appellees met that burden.

---

[2] The Opinion is reported at *Stewart v. Art Van Furniture, LLC (In re Art Van Furniture, LLC)*, 638 B.R. 523 (Bankr. D. Del. 2022).

[3] All capitalized terms not defined herein shall have the meaning ascribed to such terms in the Cross-Appellant's Opening Brief.

1

Cross-Appellees essentially make two arguments in their Brief: (1) because the Debtors conducted limited business operations prior to the Layoff, the liquidating fiduciary exception to the "employer" requirement under the WARN Act (the "Liquidating Fiduciary Exception") cannot apply under Appellants' reading of *United Healthcare*[4] (Cross-Appellees Brief, pp. 5-18); and (2) allowing the Liquidating Fiduciary Exception in this case is bad policy that will result in the exception swallowing up the rule of adequate notice under the WARN Act (*id.*, pp. 18-21). Neither argument carries the day.

As discussed in the Opening Brief, the *United Healthcare* court explained that the application of the Liquidating Fiduciary Exception would be subject to a sliding scale: "the more closely the [debtor's] activities resemble those of a business winding up its affairs, the more likely it is the entity is not subject to the WARN Act." 200 F.3d at 178. The Third Circuit did not view a debtor's liquidation process in a chapter 11 case, including a postpetition sale of the debtor's goodwill, as the conduct of business "in the normal commercial sense" that would make the entity an employer for WARN Act purposes. Here, the Debtors, after making a public announcement, started liquidating their assets *before* filing for bankruptcy, and merely continued the liquidation process during their eventual bankruptcy proceedings. That is undisputed.

---

[4] *In re United Healthcare System, Inc.,* 200 F.3d 170 (3d Cir. 1999), *cert denied*, 530 U.S. 1204 (2000).

2

The Cross-Appellees' policy argument is equally unavailing, because it views the purported policy issues only from the vantage point of the employees and without taking into account the special situation of a debtor and its creditors where the debtor is only liquidating its assets, with no prospect of a reorganization exit strategy. In essence, the Cross-Appellees want to elevate the claims of their clients to that of administrative creditors to the detriment of the thousands of other creditors and consumers whose claims will be pushed further down the capital structure. Public policy is meant to balance the rights and interest of competing parties. Here, the Third Circuit established a policy that created a WARN Act exception for a business that is liquidating to treat all creditors – suppliers, who have unpaid purchase orders, landlords, who have unpaid rent, employees, who may have unpaid wages (although rarely do), and consumers, who in this case are owed millions of dollars. By ignoring the Liquidating Fiduciary Exception, all of these other creditors would be left unpaid. That is not good policy; it is not fair policy; and it is not the right policy, as the Third Circuit recognized.

///

///

///

///

**II.**

**ARGUMENT**

A. **The Liquidating Fiduciary Exception Is Not Inapplicable Because the Debtors Conducted Limited Business Operations Prior to the Layoff**

With regard to Cross-Appellees' first argument (that the Liquidating Fiduciary Exception is inapplicable because the Debtors conducted limited business operations prior to the Layoff), the Trustee has specifically laid out his construction and application of the *United Healthcare* Liquidating Fiduciary Exception (Opening Brief, pp. 17-22). As discussed in the Opening Brief, the *United Healthcare* court itself acknowledged there would be gradations on the liquidating fiduciary scale and that a debtor's limited operations and actions in connection with asset sales (including of a debtor's goodwill) can be consistent with and within the scope of the Liquidating Fiduciary Exception. Here, as in *United Healthcare*, the Debtors' actions from the beginning of the Chapter 11 Cases (and before then) evidenced a clear and public intent from the outset to liquidate the Debtors' stores and other assets, and not to operate their business "in the normal commercial sense." 200 F.3d at 177 (quoting 54 Fed. Reg. at 16045).

Cross-Appellees focus almost exclusively on the "operating" aspect of the liquidating fiduciary concept, suggesting the fact that any business operations at all were undertaken by the Debtors were dispositive. However, there are multiple

4

relevant parts of the analysis, including that the debtor's operations must not be business as usual "in the normal commercial sense."[5]

As explained in the Opening Brief, at all relevant times, the Debtors operations **were not** business as usual. Rather, they were implementing a liquidation process that had been planned before, and started before, the Petition Date and accelerated by an unprecedented, unforeseeable global pandemic. No one can reasonably or credibly assert that the Debtors were operating in the normal course or normal business during the Planned Liquidation Process. Therefore, based on all of the circumstances, the Debtors, as liquidating fiduciaries, were not "employers" under the WARN Act. *See* 200 F.3d at 178 ("United Healthcare's actions from the time it filed its Chapter 11 petition throughout the proceedings clearly demonstrate its intent to liquidate. Simultaneously, United Healthcare filed for bankruptcy, agreed to sell its assets and goodwill to St. Barnabas, and surrendered its certificates of need. Had United Healthcare's conduct and activities demonstrated a ***bona fide effort toward reorganization***, the evidence may have shown that United Healthcare was an 'employer' subject to the WARN Act." (emphasis added)).[6] Here, there was

---

[5] Cross-Appellees appear to recognize this element although they focus on the simple fact of being in operation (only the first part). They argue: "The DOL's dictum makes clear that a fiduciary that is liquidating a company remains an 'employer' if the methods it uses to benefit creditors includes the continuation of **operations in the normal commercial sense**, as borne out by the Third Circuit in United Healthcare." (Cross-Appellees Brief, p. 6) (emphasis added).

[6] The Debtors took no postpetition action constituting "a bona fide effort toward reorganization." As discussed in the Opening Brief, the Debtors undertook a Planned Liquidation Process, and COVID-19 caused the Debtors to immediately

no effort toward reorganizing the Debtors' business; it was a straightforward all asset liquidation.

B. **Under the Circumstances of this Case, Public Policy Militates In Favor of Applying the Liquidating Fiduciary Exception Here**

With regard to Cross-Appellees' second argument (essentially a policy argument in favor of affected workers), the *United Healthcare* opinion is also instructive. Specifically, the Liquidating Fiduciary Exception and the gradations thereof inherently recognize that various policies are implicated and that there will be gray area cases as to policy matters especially during extraordinary cases and times (like March 2020 when the pandemic greatly accelerated, leading to government-mandated business closures and shelter-in-place orders). In short, the policy issues are not one-sided, absent clear bad faith acts by the employer (which are not present here).[7]

---

shut down their stores and wind-down their business affairs, instead of following and completing the Planned Liquidation Process over more time.

[7] *See United Healthcare*, 200 F.3d at 178-79 ("As companies were merged, acquired, or closed, many employees lost their jobs, often without notice. In some circumstances, the projected closing was concealed from the employees. Congress enacted WARN to protect workers and their families from these situations…. The thrust of WARN is to give fair warning in advance of prospective plant closings. It would appear, therefore, that if an employer knew of a . . . . closing and failed to notify its employees, the WARN Act would apply…. In this case, there is no evidence United Healthcare knew in advance that it would be forced to close but concealed that knowledge from its employees. Instead, the record demonstrates that United Healthcare made repeated and intensive good-faith efforts to remain financially viable and to ensure its employees would keep their jobs. Furthermore, United Healthcare willingly disclosed its financial difficulties to its employees,

6

In the instant matter, as discussed in the Opening Brief, the Liquidating Fiduciary Exception recognizes the special situation of a debtor that is only liquidating its assets, with no prospect of and no "bona fide effort toward a reorganization" exit strategy. *United Healthcare*, 200 F.3d at 178. Justifiably, as a matter of policy, a corporate employer should not be punished for being in a liquidating situation. It should also be considered that this case arises in the context of a liquidating bankruptcy, where the Trustee's goal is to achieve the fair and ratable division and distribution of a limited pool of assets and funds among numerous similarly situated unsecured creditors. It is the policy position of the Cross-Appellees that is unfair. Indeed, under Cross-Appellees' position, not only will many corporate employers be unfairly and unduly punished for what are reasonable facility closures under exigent circumstance, but so will many other similarly situated unsecured creditors such as vendors, landlords, and consumers. The Cross-Appellants seek to prefer one group of creditors over other similarly situated creditors, and this is exactly what the Third Circuit was seeking to prevent in a liquidation.

Accordingly, as a matter of Third Circuit law, the Debtors were not "employers" under the WARN Act, and as such, summary judgment on the issue of

---

including them in its efforts to find a merger partner. Clearly, United Healthcare did not file for bankruptcy in an effort to avoid its WARN Act responsibilities.").

whether the Debtors were an "employer" under the WARN Act should have been entered in favor of the Trustee.

### III.

### CONCLUSION

Cross-Appellant respectfully submits that the Opinion and the Order are predicated on a flawed application of the *United Healthcare* case to the instant case. As such, the portion of the Opinion and the Order that held that the Liquidating Fiduciary Exception was inapplicable here should be reversed.

Dated: August 8, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/Bradford J. Sandler*
Bradford J. Sandler (Bar No. 4142)
Beth E. Levine (admitted *pro hac vice*)
Colin R. Robinson (Bar No. 5524)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
blevine@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*